# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBIN E. A. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0224-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social, | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Robin E. A. Stevens filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b), the case was referred to Magistrate Judge Charles B. Goodwin, who recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The plaintiff alleged three errors, including that the Administrative Law Judge ("ALJ") improperly evaluated her credibility when assessing her residual functional capacity ("RFC"). In support of his credibility finding, the ALJ cited contradictory statements by plaintiff, inconsistency between plaintiff's alleged symptoms and her daily activities and inconsistency between her alleged symptoms and the objective medical evidence. The magistrate judge rejected the ALJ's determination that plaintiff was not credible because of a minor discrepancy in her testimony regarding her education level. He also rejected the

ALJ's conclusion that plaintiff's daily activities contradicted her claims of pain and fatigue.[1]

As for the remaining basis for the ALJ's credibility determination – that plaintiff's alleged symptoms were inconsistent with the medical evidence – the magistrate judge concluded that "new and material evidence accepted into the record by the Appeals Council 'upset[] the underlying disability determination of the ALJ," creating evidentiary questions that required resolution by the finder of fact. The magistrate judge determined the matter should be remanded for "further analysis of plaintiff's RFC, specifically including the credibility of Plaintiff's testimony regarding pain and other subjective symptoms of her impairments." Doc. #14, p. 15.

The Commissioner objected to the Report and Recommendation. She asserts that plaintiff waived the argument of whether additional medical records, which she submitted after the ALJ's decision and which the Appeals Counsel accepted and made part of the record, upset the ALJ's decision. The Commissioner contends that plaintiff "argued that the *ALJ* erred by not considering the later evidence, not that the Appeals Council evidence upset the ALJ's decision." Doc. #15, p. 3. Plaintiff waited until her reply brief, the Commissioner claims, to contend that the new evidence affected the ALJ's decision.

The Commissioner's waiver argument is not persuasive. As the magistrate judge noted in his Report and Recommendation, the reviewing court is obligated to "decide

---

[1]*The magistrate judge concluded that neither of these considerations would "by themselves, or in combination, stand as substantial evidence in support of the ALJ's finding that Plaintiff's testimony was not credible." Doc. #14, p. 10.*

whether the disability determination is supported by substantial evidence in the record as a whole, specifically including the new evidence that the Appeals Counsel made part of the record." Doc. #14, p. 10.

The court agrees with the magistrate judge's analysis and his statement that in recommending remand that court is not "suggest[ing] whether the post-hearing medical evidence requires the imposition of any additional exertional or nonexertional limitations." *Id.* at p. 15.

Accordingly, the court adopts Magistrate Judge Goodwin's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED**.

Dated this 3rd day of August, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE